UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALFREDO ORTIZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-146 |
| § | |
| KINGSVILLE INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| Defendant. § | |

## ORDER DISMISSING ACTION

Plaintiffs, Alfredo Ortiz, Noemi Ortiz, and Adrian Lucas Ortiz, filed this action against Defendant, Kingsville Independent School District (KISD), alleging violations of their free speech, due process, and equal protection rights related to the processing of grievances arising from discriminatory treatment of their family. Pending before the Court is KISD's Second Rule 12(b)(6) Motion to Dismiss (D.E. 16), together with Plaintiffs' Response (D.E. 17) and KISD's Reply (D.E. 18). For the reasons set out below, the Court GRANTS the motion (D.E. 16) and DISMISSES this action.

### STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the

pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*., 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

## FACTS

Taking Plaintiffs' allegations in their second amended complaint (D.E. 15) as true, the following serves as the basis for the constitutional allegations against KISD. While a junior at H.M. King High School (a KISD campus), Adrian Ortiz performed well academically and was highly regarded. In connection with his educational endeavors, he

competed against Kaylie Windham, the daughter of KISD School Board President, Melissa Windham. The Ortiz family is Latino and the Windham family is Anglo.

On or about November 28, 2012, at a Parent/Student meeting, Adrian Ortiz was told that Melissa Windham had said that if Adrian Ortiz were selected to represent KISD at a certain leadership conference, her daughter Kaylie Windham probably would not attend. It is not clear whether Adrian Ortiz then withdrew from attending the leadership conference or was removed from the roster, but his spot was later filled by an Anglo male student without any explanation. Plaintiffs protested Melissa Windham's comment and challenged the decision to replace Adrian Ortiz in the leadership conference. That protest was made to his high school principal John Jenkins (Jenkins) and KISD's superintendent Edward Blaha (Blaha). After that challenge and after Plaintiffs sought legal advice, Adrian Ortiz was restored to his position and was permitted to attend the leadership conference.

Thereafter, Jenkins began a new pattern of activity, ending his open door policy with respect to Adrian Ortiz and generally avoiding him except when, now routinely, monitoring Adrian Ortiz during his English class. On December 5, 2012, Plaintiffs registered an informal complaint with Blaha about Melissa Windham's comments. At their ensuing conference, Plaintiffs asserted their belief that Windham was trying to discriminate against Adrian Ortiz in particular, as well as all Hispanic students, based on their Hispanic national origin. The conference did not result in any action. Consequently, Plaintiffs began filing grievances (for a total of five) under the KISD complaint procedure.

At about the same time, Plaintiffs complained that Adrian Ortiz's grade in one class had been tampered with in order to allow a failing Anglo student to participate in a livestock show. Plaintiffs further sought security to protect Adrian Ortiz when Melissa Windham visited the King High School campus. Yet on February 20, 2013, it was Alfredo Ortiz who was forced to leave the campus when he went to pick up transcripts for his sons.

On February 14, 2013, Plaintiffs filed their **First Complaint** challenging Melissa Windham's compliance with KISD's school board ethics when speaking in public about students in a manner that discriminated against Hispanic students. They requested a full investigation of the matter, including obtaining a written statement from Kaylie Windham about her mother's comments and the leadership conference issue.

On February 28, 2013, KISD gave Plaintiffs' first grievance a **Level II Hearing** with Carol G. Perez, Ed.D., Assistant Superintendent for Curriculum and Instruction for KISD. Plaintiffs requested an apology from Melissa Windham, the institution of an affirmation and pledge stating that discrimination would not be tolerated, and a public statement that the school board disapproved of Windham's behavior. Plaintiffs' concerns were not resolved. On March 8, 2013, Plaintiffs received written notice that their Level II grievance was denied, so they filed a **Level III Appeal** on March 27, 2013.

On March 30, 2013, Plaintiffs filed their **Second Complaint** alleging systematic discrimination and the cover-up of discriminatory behavior, including failure to fully investigate complaints of discrimination in reference to the treatment of their first grievance. Four days later, on April 3, 2013, Plaintiffs filed their **Third Complaint**

protesting the hearing and outcome of the first grievance and repeating the complaints in the second grievance. Each grievance alleged discrimination on a broader scale within KISD.

On April 11, 2013, KISD issued a **Level III Hearing Notice** contrary to the grievance policy in that it eliminated the Level I conference and Level II appeal phases regarding the second and third complaints and consolidated the final appeal procedure for the first, second, and third grievances. On April 24, 2013, KISD conducted the **Level III Hearing on First, Second, and Third Grievances**, without differentiating between the first three grievances and without separate investigations and fact-findings. KISD denied any relief to Plaintiffs.

The consolidated procedure used for the first three grievances prompted Plaintiffs to file their **Fourth Complaint** on April 26, 2013, challenging the procedural defects and the denial of the investigation, fact-finding, and decision-making in the intermediate stage of the grievance process. After a **Level I Conference**, KISD denied the fourth grievance on May 30, 2013, and Plaintiffs filed their **Level II Appeal**. The **Level II Hearing** was conducted on July 16, 2013, after which KISD issued its August 1, 2013 decision denying the grievance. Plaintiffs' **Level III Appeal** was heard September 2, 2013, after which relief was denied.

Plaintiffs filed their **Fifth Complaint** on May 28, 2014, complaining of a teacher's tampering with, and manipulation of, one of Plaintiff Adrian Ortiz's grades in a manner unlike her treatment of the grades of Anglo students. They alleged that this improper grading scheme reduced his grade point average and class standing and they demanded a

new report card and new transcript correcting the error. After a **Level I Conference**, the grievance was denied on June 23, 2014. The **Level II Appeal and Hearing** resulted in an August 13, 2014 denial. The **Level III Appeal** was heard on October 15, 2014, apparently resulting in a denial. This lawsuit was filed on March 26, 2015.

## DISCUSSION

Plaintiffs bring this action in four counts[1] pursuant to the Civil Rights Act, 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs allege in their response that the constitutional issues are: (a) Fourteenth Amendment due process rights; (b) First Amendment right to freedom of speech; and (c) Fourteenth Amendment equal protection guarantees.

While KISD challenges Plaintiffs' ability to prove that any of these constitutional rights have been violated, it also challenges whether Plaintiffs have a claim against KISD as a person acting under color of state law—the second prong of the § 1983 test. Section 1983 liability does not attach to local government units[2] by virtue of the doctrine of respondeat superior. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978);

---

[1] The counts state: (1) the deprivation of property rights by decisions made through non-uniform application of KISD's grievance policies; (2) the violation of Plaintiffs' First Amendment rights through KISD's non-uniform application of its grievance policy; (3) the failure to provide an opportunity to challenge the process by which grievances are considered; and (4) KISD's failure to enforce the grievance procedures as published, which causes some grieved individuals to lose their remedies in violation of the First Amendment. D.E. 15, pp. 12-13. These broad complaints are encapsulated somewhat in Plaintiffs' response as alleging (1) KISD's interaction with Plaintiffs was discriminatory on the basis of national origin, and (2) KISD's failure to follow all of the steps of the grievance procedure for each grievance Plaintiffs filed was calculated to defeat Plaintiffs' invocation of the grievance process. D.E. 17, p. 2.

[2] Independent school districts are local government units under *Monell*. *Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

*Rivera v. Houston Indep. School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (equating a school district's liability with that of a municipality).

Instead, to hold a school district liable under § 1983, Plaintiffs must be able to show: (1) an official policymaker (2) adopted an official policy (3) that was the "moving force" behind the violation of constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). The official policymaker for a school district is its Board of Trustees. Tex. Educ. Code § 11.151; *Jett v. Dallas Indep. School Dist.*, 7 F.3d 1241, 1244-45 (5th Cir. 1993) (noting that "policymaker" is not equivalent to "decisionmaker" and that a single decision by a decisionmaker such as a superintendent does not make a Board policy). Plaintiffs have not alleged any wrongdoing by the Board of Trustees.

Moreover, the only KISD policy identified in this case is the grievance policy that provides for the procedural steps that Plaintiffs would like to see enforced—the policy is favorable to them. They have not alleged that there is any identifiable policy by which KISD allowed, encouraged, or turned a blind eye to known violations of the stated grievance policy or its procedures. Plaintiffs have not alleged any pattern of eliminating steps in the grievance process other than the single instance in which their second and third grievances were rolled into the first grievance and advanced to the Level III Appeal Hearing. Their first, fourth, and fifth grievances each proceeded through every step of the grievance process.

While Plaintiffs may complain of widespread discrimination, stifling of free speech, or denial of due process within KISD, these complaints are without sufficient

factual allegations to support a conclusion that the claims are plausible against KISD under *Twombly* and *Iqbal* when there is no allegation of a policy decision that interfered with Plaintiffs' rights.  Plaintiffs have not sued any individuals who actively participated in the way their grievances were ushered through the system.  They have only sued KISD.  And they have done so without factual allegations that are necessary to trigger liability against KISD for its own conduct.  For that reason, dismissal for failure to state a claim is appropriate.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motion to dismiss (D.E. 16) because Plaintiffs have not alleged sufficient facts related to a policy choice on which a § 1983 claim can be brought against the school district.  The Court does not reach KISD's grounds for dismissal that address the particular constitutional violations alleged.  This action is DISMISSED.

ORDERED this 15th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE